IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD A. WHITE,

      Plaintiff,                    No. CIV S-07-0781 MCE GGH P

   vs.

STATE OF CALIFORNIA, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3        The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16       A complaint, or portion thereof, should only be dismissed for failure to state a
17 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
20 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
21 a complaint under this standard, the court must accept as true the allegations of the complaint in
22 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25       It is difficult to discern what the allegations of this complaint are, much less to
26 determine whether they are colorable.  Plaintiff's filing on the face of if violates Fed. R. Civ. P.

8. Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

In a garbled complaint, plaintiff states that he is seeking punitive damages "on mental anguish that was cause [sic] by the Director of Corrections Agency Employees period [sic]." Complaint, p. 4. As to suing the State of California, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the state are frivolous and must be dismissed.

Plaintiff names as a defendant, "Director of Corrections–Head Director of Correction Agency," and also states, under "additional defendants," the following:

> 1991 Old Folsom made movement, men, femal [sic], womens [sic] went though [sic] made construction movement using a red tool box operation to plaintiff residence since 1967 Antelope Valley Palmdale, Lancaster area also the Sheriff of Los Angeles County Jails, public people family and friends.

Complaint, p. 2.

Within his allegations, plaintiff sets forth:

\\\\\

> The Director of Corrections head agency as well correctional facilities inmates, employees, policy and procedures due process, violation, in 1991 through 2007 that cause curel [sic] and unusaul [sic] punishment to plaintiff, family, relatives, friends, the public people not sucure [sic] from the cause to violent individuals staff violated employees. Relative dead causes 2002 by the Antelope Valley Sheriff Palmdale California. Lies that plantiff [sic] have as well plantiff in the cell with Crips. Enemies, when plantiff had fit the criteria required to a specialized segregated unit which apply to CDC title # 15 3341.5 segregated (a) and (5).

Complaint, p. 4.

Plaintiff also appends a series of rambling and indecipherable claims regarding, inter alia, the Attorney General and ex post facto laws. Complaint Exhibit, pp. 1-12. Although it is far from clear, it appears that plaintiff is alleging, among some wholly unintelligible claims, that insufficiently identified defendants have at some point violated his constitutional rights, both under the Eighth and the Fourteenth Amendments, by placing him in a cell at some unidentified location with inmates belonging to the Crips gang even though plaintiff fits the criteria set forth in a specific state prison regulation.

CAL. CODE REGS. tit.xv, § 3341.5(a) sets forth that "An inmate whose safety would be endangered by general population placement may be placed in PHU [protective housing unit] providing the following criteria are met[,]" which criteria includes under subsection (5) that "[t]he inmate has specific, verified enemies identified on CDC Form 812 likely to and capable of causing the inmate great bodily harm if placed in general population." Plaintiff apparently claims to fit that specific criterion without reference to any other criteria set forth.

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2358 (1976).

On the other hand, "'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious' ...For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. at 1977. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison officials must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. at 1979.

Plaintiff's complaint will be dismissed primarily as violative of Rule 8, as set forth above, because it does not contain sufficient allegations to put defendants fairly on notice. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Plaintiff's allegations do not identify a specific time or place when he was allegedly wrongly denied protective housing unit. He does not name individual defendants who were responsible for actually placing him in any such housing. Plaintiff will be granted leave to amend.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

1  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
2  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
3  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
4  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
5  omits to perform an act which he is legally required to do that causes the deprivation of which
6  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7       Moreover, supervisory personnel are generally not liable under § 1983 for the
8  actions of their employees under a theory of respondeat superior and, therefore, when a named
9  defendant holds a supervisorial position, the causal link between him and the claimed
10 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
11 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
12 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
13 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14 Cir. 1982).  Plaintiff does not seek injunctive relief; therefore, in his suit for money damages
15 only, he must show how the CDCR Secretary, herein dismissed as a defendant, was actually
16 linked to any constitutional deprivation plaintiff claims to have suffered.  Plaintiff will be granted
17 thirty days to amend.

18       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
19 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
20 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
21 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
22 there is some affirmative link or connection between a defendant's actions and the claimed
23 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
24 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
25 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
26 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Motion for Temporary Restraining Order

Plaintiff has filed a document at least partly entitled "motion for temporary restraining order." He claims that he has been held illegally in detention for nine months for a penal code violation referred for criminal prosecution. He claims to be under some sort of threat by two correctional officers, Peterson and Peeler, apparently linked to a lack of law library access. Once again, plaintiff does not frame a request that is sufficiently discernible for the court to recommend any form of preliminary injunctive relief, stating:

> The plaintiff want [sic] a temporary restraining order for C/O Peeler to stay conditions away from the plaintiff while the plaintiff has order already upon the magistrate [judge] Dennis Beck due to other concern upon the correctional state officials located at Tehachapi Facility.

Motion, docketed as filed on September 28, 2007, pp. 3-4.

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.

7

Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.   In this case, plaintiff's complaint having been herein dismissed, plaintiff has made no showing of having meritorious underlying claims before the court nor does he by his motion make any coherent showing of irreparable harm.  Plaintiff's putative motion for a TRO will be vacated without prejudice to bringing another motion for preliminary injunctive relief, one that is adequately supported, should plaintiff file an amended complaint with colorable claims for which the court may direct service upon any defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's defective motion for a restraining order, docketed as filed on September 28, 2007, is vacated without prejudice.

DATED: 10/15/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
whit0781.bnf