IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD A. WHITE,

    Plaintiff,                        No. CIV S-07-0781 MCE GGH P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  By Order, filed on October 15, 2007, the complaint was dismissed with leave to amend.  Plaintiff has filed an amended complaint.

        Plaintiff has been previously informed that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
10 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
11 a complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       Plaintiff has wholly failed to cure the defects of the original complaint.  If
16 anything, plaintiff's claims are even more garbled.  Plaintiff continues to violate the requirements
17 of Fed. R. Civ. P. 8, which sets forth general rules of pleading in the federal courts.  Complaints
18 are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and
19 plain statement of the claim showing entitlement to relief; and (3) a demand for the relief
20 plaintiff seeks.  All that is required are sufficient allegations to put defendants fairly on notice of
21 the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d
22 80 (1957);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule
23 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."
24 McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide
25 Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty
26 allegations fails to satisfy the notice requirement of  Rule 8.)  A complaint that fails to comply

with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).

Plaintiff, in his amended complaint, purports to sue not only the Director of Corrections, but "every correctional officer also all other correctional employees that had enviolated [sic] prison environments that had so started facilies [sic] entertainment in 1991 Old Folsom until the Lancaster State Prison was completed as the plaintiff has been at the Antelope Valley Palmdale, Lancaster area since 1967." Amended Complaint (AC), p. 2.  It is impossible to discern the gravamen of plaintiff's allegations and the court simply is too burdened to set forth the incoherent ramblings that make of the body of this amended complaint.

The court was meticulous in explaining to plaintiff in the October 15, 2007, Order how he might set forth colorable allegations.  Plaintiff continues to fail to do so completely and the court sees no point in granting further leave to amend.

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").  In this case, the court can discern no manner in which plaintiff could cure the defects of his allegations.

For the reasons set forth above, especially in light of the Order, filed on October 15, 2007, this court finds that plaintiff's amended complaint is wholly frivolous, with defects for

3

which no further amendment could provide a cure, and for which the undersigned must recommend dismissal with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/14/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
whit0781.fr